# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| MARTIN S. WALSH, Secretary of Labor, )<br>United States Department of Labor, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>CSI CATALANO'S NURSES REGISTRY, )<br>INC., )<br>)<br>Defendant. ) | Civil Action No.<br>_____ |

# COMPLAINT

Plaintiff, Martin S. Walsh, Secretary of Labor, United States Department of Labor ("Plaintiff") brings this action to enjoin CSI Catalano's Nurses Registry, Inc., a Florida corporation, ("Defendant"), from violating the provisions of Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("the Act"), and for a judgment against Defendant in the total amount of back wage compensation found by the Court to be due to the employees of Defendant pursuant to the Act and an equal amount due to the employees of Defendant in liquidated damages.

1. Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

2. Defendant CSI Catalano's Nurses Registry, Inc. ("CSI") is a corporation duly organized under the laws of the State of Florida. CSI's registered

office and principal address is 5801 NW 151st Avenue, Suite 200A and 200B, Miami Lakes, Florida 33014 in Miami-Dade County.  CSI is engaged in the business of home healthcare from a business location located at 3801 Bee Ridge Road, Suite 5A, Sarasota, Sarasota County, Florida 34233, within the jurisdiction of this Court.

3. The business activities of the Defendant, as described herein, are and were performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

4. Defendant employs persons in domestic services for profit, which affects commerce per Section 2(a)(5) of the Act. Defendant's employees provide in-home healthcare and caregiver services to Defendant's clients. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the employees of Defendant are employed in an enterprise engaged in commerce within the meaning of Section 3(s)(1)(A) of the Act.

5. Defendant violated the provisions of Sections 7 and 15(a)(2) of the Act by employing its employees in an enterprise engaged in commerce or handling goods or materials that have been moved in, or produced for, commerce for work weeks longer than those prescribed in Section 7 of the Act. Defendant employed these employees without compensating said employees for employment in excess

of the prescribed hours at rates not less than one and one-half times their regular rates. Therefore, Defendant is liable for the payment of unpaid overtime compensation and an equal amount of liquidated damages under Section 16(c) of the Act.

6. In particular, Defendant misclassified certain caregiver employees as independent contractors. Consequently, Defendant failed to compensate its employees who worked over 40 hours in a workweek hours at rates not less than one and one-half times their regular rates. Some caregivers, for example, worked 70 and 94 hours in a workweek without receiving overtime. Defendant's own records show that it paid these employees their straight-time hourly rates for all hours worked and did not pay the required one and one-half premium rate for overtime.

7. Defendant violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendant failed to make, keep, and preserve adequate and accurate records of its employees, as prescribed by the regulations issued and found at 29 C.F.R. Part 516.

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendant providing the following relief:

a. For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendant, its officers, agents, servants, employees, and those persons in active concert or participation with Defendant

who receive actual notice of any such judgment, from violating the provisions of Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Act;

      b.      For judgment pursuant to Section 16(c) of the Act finding Defendant liable for unpaid overtime compensation due to certain of Defendant's current and former employees listed in the attached Appendix A for the period from at least May 13, 2018, through at least May 10, 2020, and for an equal amount due to certain of Defendant's current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendant listed in the attached Appendix A for violations continuing after May 10, 2020, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Appendix A; and

      c.      In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining Defendant, its officers, agents, employees, and those persons in active concert or participation with Defendant, from withholding the amount of unpaid overtime compensation found due Defendant's employees and prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

      FURTHER, Plaintiff prays that this Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted this 13th day of August 2021,

| | |
|---|---|
| ADDRESS: | SEEMA NANDA<br>Solicitor of Labor |
| Office of the Solicitor<br>U.S. Department of Labor<br>61 Forsyth Street, S.W.<br>Room 7T10<br>Atlanta, GA 30303<br>Telephone: (404) 302 5458<br>Fax: (404) 302-5438 | TREMELLE I. HOWARD<br>Regional Solicitor<br><br>ROBERT L. WALTER<br>Counsel |

By: /s/ Jana J. Edmondson-Cooper
    JANA J. EDMONDSON-COOPER
    Attorney

    /s/ Cameron W. Ellis
    CAMERON W. ELLIS
    Attorney

    Attorneys for the Secretary
    of Labor, United States
    Department of Labor.

SOL Case No. 21-00290